```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   Crim. No. 10-00882 HG-01
                               )
                               )
            Plaintiff,         )
                               )
       vs.                     )
                               )
RAMEY KAIPO VIELA,             )
                               )
                               )
            Defendant.         )
_____)
```

**ORDER DENYING DEFENDANT'S MOTION SEEKING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND § 3553(a) (ECF No. 26)**

**and**

**DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE UNDER 18 U.S.C. § 3553(D) (ECF No. 27)**

Defendant Ramey Kaipo Viela, proceeding pro se, has filed two Motions seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782 to the United States Sentencing Guidelines, and 18 U.S.C. § 3553(a). Defendant is not eligible to receive a sentence reduction.

Defendant's MOTION SEEKING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND §3553(a) (ECF No. 26) and Defendant's MOTION FOR DOWNWARD DEPARTURE UNDER 18 U.S.C. § 3553(D) (ECF No. 27) are **DENIED**.

**PROCEDURAL HISTORY**

1

On December 15, 2010, the grand jury returned a two-count Indictment against Defendant Ramey Kaipo Viela. (ECF No. 1).

Defendant was charged as follows:

**Count 1:** intent to distribute 5 grams or more of methamphetamine within one thousand feet of the real property comprising a school in violation of 21 U.S.C. §§ 860, 841(a)(1), 841(b)(1)(B); and

**Count 2:** intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 860(a), 841(a)(1), 841(b)(1)(B).

On January 12, 2011, Defendant pled guilty to the two counts in the Indictment. (ECF No. 14).

On May 6, 2011, the sentencing hearing was held. (ECF No. 22). Defendant was sentenced to a term of imprisonment of 120 months as to both Counts 1 and 2 in the Indictment, to be served concurrently. (Judgment, ECF No. 23).

On January 26, 2015, Defendant, proceeding pro se, filed a Motion entitled "MOTION SEEKING REDUCTION OF SENTENCE PURSUANT 18 U.S.C. § 3582(c)(2) and § 3553(a)." (ECF No. 26).

On the same date, Defendant filed another Motion entitled, "MOTION FOR DOWNWARD DEPARTURE UNDER 18 U.S.C. § 3553(D)." (ECF No. 27).

On January 30, 2015, the Court issued a Minute Order

appointing the Federal Public Defender's Office to assist Defendant in seeking a sentence reduction.  (ECF No. 28).

On November 4, 2015, the Federal Public Defender filed NOTICE BY OFFICE OF THE FEDERAL DEFENDER REGARDING DEFENDANTS FOR WHOM IT WILL NOT BE SEEKING RETROACTIVE APPLICATION OF AMENDMENT 782.  (ECF No. 29).

On November 9, 2015, the Court issued a Minute Order that construed the Federal Public Defender's Notice as a request to withdraw as counsel.  (ECF No. 30).  The Court granted the Federal Public Defender's request to withdraw as counsel and ordered the Government to respond to the Defendant's pro se Motions seeking a reduction of sentence.  The Court elected to decide Defendant's Motions without a hearing.

On December 16, 2015, the Government filed GOVERNMENT'S MEMORANDUM RE: ELIGIBILITY FOR REDUCTION OF SENTENCE PURSUANT TO § 3582 AND AMENDMENT 782.  (ECF No. 32).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.  Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o),(u).  The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission to determine if the defendant is eligible for a reduction in sentence.  Dillon, 560 U.S. at 827.

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii);  Dillon, 560 U.S. at 826-28.

Here, Defendant is not eligible for a sentence reduction pursuant to the first step of the Dillon inquiry.  The Court does not reach the second step in the inquiry.  Defendant's sentencing guidelines were lowered by Amendment 782 to the United States Sentence Guidelines, but a reduction in Defendant's sentence is not permitted pursuant to U.S.S.G. § 1B1.10.

**I.   Defendant's Sentencing Guidelines Were Lowered Pursuant to Amendment 782 to the United States Sentencing Guidelines**

On November 1, 2014, Amendment 782 to the United States

4

Sentencing Guidelines became effective.  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.  The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants.  U.S.S.G. §§ 1B1.10(d), (e)(1).

Amendment 782 to the United States Sentencing Guidelines lowered the base offense level applicable to Defendant by two levels.

At Defendant's May 6, 2011 sentencing, he had a total offense level of 30 and a criminal history category of V for a guideline range of 151 to 188 months imprisonment.

Pursuant to Amendment 782 to United States Sentencing Guidelines, Defendant now has a total offense level of 28 and a criminal history category of V for an amended guideline range of 130-162 months imprisonment.

**II. Defendant is Not Eligible for a Sentence Reduction Because He Was Already Sentenced Below His Amended Guideline Range and Did Not Receive a Lower Sentence Based on a Government Motion for Substantial Assistance to Authorities**

United States Sentencing Guideline 1B1.10(b)(2)(A) provides:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

5

U.S.S.G. § 1B1.10(b)(2)(A).

The exception that allows for a sentence to be reduced below a defendant's amended guideline range is found in U.S.S.G. § 1B1.10(b)(2)(B). The exception involves cases in which the defendant received a sentence below the guidelines applicable at sentencing pursuant to a government motion for downward departure based on the defendant's substantial assistance to authorities.

Here, Defendant was sentenced to a term of 120 months imprisonment on May 6, 2011. Defendant's 120-month sentence is below Defendant's amended guideline range of 130-162 months imprisonment. Defendant did not receive a sentence below the sentencing guidelines pursuant to a government motion based on his substantial assistance to authorities. The Court is unable to reduce Defendant's sentence lower than the minimum term provided by the amended guideline range pursuant to U.S.S.G. § 1B1.10(b)(2)(A).[1] <u>United States v. Davis</u>, 739 F.3d 1222, 1224-25 (9th Cir. 2014).

Defendant requests that the Court evaluate the factors set forth in 18 U.S.C. § 3553(a) in his Motion entitled "MOTION FOR DOWNWARD DEPARTURE UNDER 18 U.S.C. § 3553(D)." (ECF No. 27).

---

[1] The Government asserts in its Memorandum that Defendant is subject to a 120-month statutory mandatory minimum. (Gov't Memorandum at p. 3, ECF No. 32). Defendant's Presentence Investigation Report reflects that Defendant is subject to a mandatory statutory minimum of 60-months as to both Counts 1 and 2. (Presentence Investigation Report at ¶¶ 69, 70 at p. 17, ECF No. 24).

The Court examines the sentencing factors set forth in 18 U.S.C. § 3553(a) if Defendant is eligible for a reduction in sentence pursuant to the first step in the Dillon inquiry.  Dillon, 560 U.S. at 826-28.  Here, the Court does not reach the second step in the Dillon inquiry to evaluate the factors set forth in 18 U.S.C. § 3553(a), because Defendant is ineligible for a sentence reduction pursuant to U.S.S.G. § 1B1.10(b)(2)(A).

Defendant's Motions seeking a sentence reduction (ECF Nos. 26 and 27) are **DENIED**.

## CONCLUSION

Defendant's MOTION SEEKING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND § 3553(a) (ECF No. 26) is **DENIED**.

Defendant's MOTION FOR DOWNWARD DEPARTURE UNDER 18 U.S.C. § 3553(D) (ECF No. 27) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 25, 2016.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

United States v. Ramey Kaipo Viela, Crim. No. 10-00882 HG-01; **ORDER DENYING DEFENDANT'S MOTION SEEKING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND § 3553(a) (ECF No. 26) and DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE UNDER 18 U.S.C. § 3553(D) (ECF No. 27)**